**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------**X**
GANG WU,
*on his own behalf and on behalf of others similarly*
*situated*

Plaintiff,

v.

LAN SHENG SZECHUAN FOOD INC
     d/b/a Lan Sheng Szechuan Restaurant;
LAN YANG,
ZI XIANG HE
     a/k/a Peter He,
GYALTSEN LOBSING,
BIN SHENG YAN, and
ANGIE "DOE"

Defendants.

--------------------------------------------------------**X**

Case **No. 19-cv-02632**

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR

**(1) CONDITIONAL CERTIFICATION PURSUANT TO THE FAIR LABOR STANDARDS ACT**
**(2) COURT-AUTHORIZED NOTICE TO SIMILARLY SITUATED INDIVIDUALS; AND**
**(3) DISCLOSURE OF CONTACT INFORMATION FOR NOTICE TO POTENTIAL OPT-INS**

TROY LAW, PLLC
*Attorneys for the Plaintiff, and proposed Rule 23 Class*
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:    (718) 762-1324

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................ii

**PRELIMINARY STATEMENT** ........................................................................................ 1

**BACKGROUND** .................................................................................................................. 1

**ARGUMENT** ........................................................................................................................ 3

   **I.**   **CONDITIONAL CERTIFICATION IS APPROPRIATE** ............................................... 3

     A.   The FLSA and the FLSA's Opt-In Requirement and the Need for Expedited Notice ..... 3

     B.   The Two Phase Certification Process for FLSA Collective Actions. ............................. 6

     C.   Plaintiff has made the Required Showing that he is similarly-situated to the members of the FLSA Collective ............................................................................................................ 9

     D.   The Victims of Defendants' Unlawful Violations Extend to All Non-Managerial Employees. ................................................................................................................................ 12

     E.   Expedited Notice and Disclosure of Contact Information Is Necessary ........................... 13

     F.   Court-Authorized Notice is Routinely Authorized by Court in this District .................... 15

     G.   The Court Should Authorize Plaintiff's Proposed Notice of Pendency and Consent to Join Form ................................................................................................................................. 16

     H.   Equitable Tolling of the Statute of Limitations is Necessary to Protect the Plaintiffs ... 20

**CONCLUSION** ................................................................................................................. 21

# <u>TABLE OF AUTHORITIES</u>

**CASES**

*Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326 (RJS), 2013 U.S. Dist. LEXIS 19103, 2013 WL 494020 (S.D.N.Y. Feb. 7, 2013) .................................................................................. 19

*Amador v. Morgan Stanley & Co.*, No. 11cv4326 (RJS), 2013 WL 494020 (S.D.N.Y. Feb. 7, 2013) ........................................................................................................................................... 7

*Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459 (S.D.N.Y. 2008) ................................ 9

*Benitez v. Demco of Riverdale, LLC*, No. 14cv7074 (CM), 2015 WL 3780019 (S.D.N.Y. June 15, 2015) ............................................................................................................................................. 4

*Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985 (S.D.N.Y. July 13, 2015) ................................................................................................................................ 10

*Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55 (E.D.N.Y. 2008) ......................................... 11

*Brock v. Superior Care, Inc.,* 840 F .2d 1054 (2d Cir.1988) ........................................................... 19

*Castillo v. Perfume Worldwide Inc.*, No. CV 17-2972 (JS) (AKT), 2018 WL 1581975 (E.D.N.Y. Mar. 30, 2018) ...................................................................................................................... 17, 20

*Chhab v. Darden Rests., Inc.*, 2013 U.S. Dist. LEXIS 135926 (S.D.N.Y. Sep. 19, 2013) ............. 18

*Chowdhury v. Duane Reade, Inc.*, No. 06 Civ 2295 (GEL), 2007 WL 2873929 (S.D.N.Y. 2007) 10

*Cortes v. New Creators, Inc.*, 2015 U.S. Dist. LEXIS 153730 (S.D.N.Y. Nov. 12, 2015) ............. 18

*Cunninghan v. Elec. Data Systems Corp.*, No. 06 Civ. 3530 (RJH), 2010 WL 5076703 at *4 (S.D.N.Y. 2010) ........................................................................................................................... 6

*Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL 2853971 (S.D.N.Y. Oct. 5, 2006) ............................................................................................................................................. 9

*Fang v. Zhuang*, No. 10 Civ. 1290 (RRM) (JMA), 2010 U.S. Dist. LEXIS 133618, 2010 WL 5261197 (E.D.N.Y. Dec. 1, 2010) (same) .................................................................................. 18

*Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007) ................................. 19

*Fasanelli v. Heartland Brewery, Inc.,* 516 F. Supp. 2d 317 (S.D.N.Y.2007) ................................. 20

*Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124 (AT), 2014 WL 1487279 (S.D.N.Y. Apr. 11, 2014) ................................................................................................................... passim

*Foster v. Food Emporium*, No. 99 Civ. 3860 (CM), 2000 WL 1737858 (S.D.N.Y. 2000) ......... 5, 15

*Genxiang Zhang v. Hiro Sushi at Ollie's Inc.*, No. 17cv7066 (DF), 2019 U.S. Dist. LEXIS 22745, at *1 (S.D.N.Y. Feb. 5, 2019) ........................................................................... 16, 17, 20

*Gortat v. Capala Bros., Inc.*, No. 07 Civ. 3629 (ILG) (SMG), 2010 WL 1879922 (E.D.N.Y. May 10, 2010) ...................................................................................................................... 5

*Grant v. Warner Music Grp. Corp.*, No. 13cv4449 (PGG), 2014 WL 1918602 (S.D.N.Y. May 13, 2014) ..................................................................................................................... 15, 16

*Guo v. Tommy's Sushi Inc.*, No. 14cv3946 (PAE), 2014 WL 5314822 (S.D.N.Y. Oct. 16, 2014) .. 12

*Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112 (S.D.N.Y. 2008) ......... 10

*Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835 (N.D. Cal. 2010) ........................................... 18

*Heagney v. European American Bank*, 122 F.R.D. 125 (E.D.N.Y. 1988) ....................................... 13

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997) .................................................. passim

*Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989) ......................................................... 6, 14

*Iglesias-Mendoza v. La Belle Farm Inc.,* 239 F.R.D. 363 (S.D.N.Y. 2007) .................................... 20

*In re Milos Litig.*, 2010 U.S. Dist. LEXIS 3038, 2010 WL 199688 (S.D.N.Y. Jan. 11 2010) ......... 18

In re Penthouse Exec. Club Comp. Litig., No. 10cv1145 (NRB), 2010 WL 4340255 (S.D.N.Y. Oct. 27, 2010) ................................................................................................................... 14

*Iriarte v. Cafe 71, Inc*., No. 15cv3217 (CM), 2015 WL 8900875 (S.D.N.Y. Dec. 11, 2015)....17, 20

*Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995)................................................8

*Jacobsen v. Stop & Shop Supermarket Co.*, No. 02-cv-5915, 2003 U.S. Dist. LEXIS 7988

    (S.D.N.Y. May 14, 2003)........................................................................................................13

*Jeong Wook Kim v. 511 E. 5th St. LLC*, No. 12 Civ. 8096 (FM), 2013 WL 6283587 at *9 (S.D.N.Y.

    Dec. 3, 2013)..........................................................................................................................5

*Jian Wu v. Sushi Nomado of Manhattan, Inc.*, No. 17cv04661 (PGG) (DF), 2019 U.S. Dist. LEXIS

    127895 (S.D.N.Y. July 25, 2019) .....................................................................................16, 20

*Khamsiri v. George & Frank's Japanese Noodle Rest. Inc., No.* 12cv265 (PAE), 2012 WL

    1981507 (S.D.N.Y. Jun. 1, 2012) ...........................................................................................16

*Khamsiri v. George & Grank's Japanese Rest. Inc.*, No. 12 Civ. 265 (PAE), 2012 WL 1981507

    (S.D.N.Y. June 1, 2012)........................................................................................................10

*Kiang v. Yummy Oriental Restaurant Inc, et al.*, No. 18cv5256 (SJF)(ARL) (S.D.N.Y. July 1,

    2019) ..............................................................................................................10, 14, 17, 20

*Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006)...................................................8

*Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 198-99 (S.D.N.Y. 2006)..........................................21

*Lynch v. United Services Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ...............6, 14, 15

*Mark v. Gawker Media LLC*, No. 13-CV-4347 (AJN), 2014 U.S. Dist. LEXIS 155424, 2014 WL

    5557489, (S.D.N.Y. Nov. 3, 2014) .........................................................................................17

*Martin v. Sprint/United Mgmt*. Co., No. 15cv5237 (PAE), 2016 WL 30334, at *19 (S.D.N.Y. Jan.

    4, 2016) .................................................................................................................................14

*Mendoza v. Ashiya Sushi 5, Inc.*, No. Civ. 8629 (KPF), 2013 WL 5211839 at *2 (S.D.N.Y. Sept.

    16, 2013) .................................................................................................................................5

*Mentor v. Imperial Parking Systems, Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007) ........................... 8

*Meyers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) .................................................................. 6

*Morales v. Plantworks, Inc.*, No. 05 Civ. 2349 (DC), 2006 WL 278154 at *2 (S.D.N.Y. 2006) ...... 7

*Myers*, 624 F.3d at 555 ..................................................................................................................... 9

*Qing Tian Zhuo v. Jia Xing 39th Inc.*, No. 14 Civ. 2848 (SHS), 2015 WL 1514950 (S.D.N.Y. Apr.

    1, 2015) ........................................................................................................................................ 10

*Ramos v. PJJK Rest. Corp.*, No. 15 Civ. 5672 (PKC), 2016 WL 1106373 (S.D.N.Y. Mar 10,

    2016) ........................................................................................................................................... 15

*Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12 Civ. 75 (KBF), 2013 WL 208909 (S.D.N.Y. Jan.

    10, 2013) ..................................................................................................................................... 10

*Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 121 (S.D.N.Y. 2014) (same) ................................ 6

*Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385 (CM), 2010 WL 2218095 (S.D.N.Y. June 2, 2010) ......... 9

*Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 336 (S.D.N.Y. 2010) ....................................................... 7

*Summa v. Hofstra Univ.*, 715 F. Supp. 2d ....................................................................................... 4

*Toure v. Central Parking Sys. of New York*, No. 05-cv-5237, 2007 U.S. Dist. LEXIS 74056

    (S.D.N.Y. Sept. 28, 2007) .......................................................................................................... 13

*Varghese v. JP Morgan Chase & Co.*, 2016 U.S. Dist. LEXIS 122428. at 26 (S.D.N.Y. Sep. 8,

    2016) ........................................................................................................................................... 17

*Wang v. Shun Lee Palace Restaurant, Inc.*, No. 17cv00840 (VSB), 2018 WL 3155835  (S.D.N.Y.

    June 28, 2018) ............................................................................................................................. 12

*Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, No. 17cv273 (LAP), 2018 WL 1737726

    (S.D.N.Y. Mar. 26, 2018) ........................................................................................................... 12

*Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 258 (S.D.N.Y. 2008) ...................................... 4

*Zaldivar v. JMJ Caterers, Inc.*, No. 14 Civ. 924 (SJF), 2016 WL 792404, at *4 (E.D.N.Y. Feb. 26,

    2016) .................................................................................................................................. 10

*Zeltser v. Merrill Lynch & Co.*, No. 13 Civ. 1531 (FM), 2014 U.S. Dist. LEXIS 66230, 2014 WL

    2111693 (S.D.N.Y. May 12, 2014) ................................................................................... 18

## STATUTES

29 U.S.C. § 206(a) ....................................................................................................................... 3

29 U.S.C. § 207(a)(1) ................................................................................................................... 3

29 U.S.C. § 216(b) ................................................................................................................ 4, 15

29 U.S.C. § 255(a) ..................................................................................................................... 19

## OTHER AUTHORITIES

Andrew C. Brunsden, *Hybrid Class Actions, Dual Certification, and Wage Law Enforcement in the*

    *Federal Courts*, 29 Berkeley J. Emp. & Lab. L. 269, 295 (2008) ................................... 18

Plaintiff GANG WU, on behalf of himself and others similarly-situated, by and through his attorney, Troy Law, PLLC, respectfully submits this memorandum of law in support of his motion for conditional certification of their Fair Labor Standards Act ("FLSA") claims and court-facilitated notice of this action in English and Chinese languages to all putative members of the FLSA Collective (defined below).

## PRELIMINARY STATEMENT

Deliveryman and Plaintiff GANG WU, on behalf of himself and others similarly-situated, (collectively "Plaintiff") has alleged wage violations perpetrated against over a period of years at an authentic Szechuan-style and Michelin starred Chinese restaurant in Midtown Manhattan, 128 West 36th Street, New York, NY 10018, offering what it heralds as "a spicy and tongue-numbing experience" since 2008.   LAN SHENG SZECHUAN FOOD INC d/b/a Lan Sheng Szechuan Restaurant is owned and operated by LAN YANG, ZI XIANG HE, GYALTSEN LOBSING, BIN SHENG YAN, and ANGIE "DOE". Plaintiff's Affidavit demonstrates that it is Defendants' policy to pay its employees, including tipped employees like the deliveryman A MAO, BAO BAO, and another part-time deliveryman less than the hourly equivalent of the minimum wage, or even the subminimum wage for each hour worked, and that non-tipped employees like the packers XIAO MEI and XIAO DI likely suffer from the same uniform and regular practice of failing to pay Plaintiff minimum wages of the lawful amount of hours he worked. Plaintiff's affidavit thus meet the "modest factual showing" necessary to send a notice to putative FLSA Collective, to effectuate the broad remedial measures of the law.

## BACKGROUND

On March 25, 2019, Plaintiff GANG WU filed the Complaint, on his own behalf and on behalf of others similarly-situated, asserting causes of actions for intentional wage violations under the FLSA and NYLL. *See* Docket Entry ("D.E.") [1]. On June 25, 2019, Defendants filed

1

their Answer denying the most of allegations in the Complaint as well as asserting Affirmative

Defenses. D.E. [14].  Owner/Operator Defendants LAN YANG, ZI XIANG HE , GYALTSEN

LOBSING, BIN SHENG YAN, and ANGIE "DOE"owned and controlled the operations of LAN

SHENG SZECHUAN FOOD INC d/b/a Lan Sheng Szechuan Restaurant. *See Compl.* ¶¶11-25.

As alleged in the Complaint, Defendants employed approximately twenty (19/20) employees at

the restaurant, including one (1) packer, one (1) deliveryman (Plaintiff), one (1) part-time

deliveryman, seven (7) waiters and busboys, five (5) fry works and oil works, one (1) dishwasher

and three (3) miscellaneous workers. *Id.* ¶26 & *See Wu Aff.* ¶24.

As alleged in the Complaint, Plaintiff GANG WU was employed by Defendants from

March 06, 2018 to March 15, 2019 as a deliverman at 128 W 36th Street, New York, NY 10018.

*See Wu Aff.* ¶3. His regular working hours at that period were from 11:00 am to 9:30 pm with no

break for ten and half (10.5) hours a day on Mondays through Fridays with a total of fifty-two and

a half (52.5) hours a week.  *Id.* ¶4. Plaintiff in certain times was required to deliver some orders

post his working hours schedule. *Id.* ¶¶6-7. On March 15, 2019 (the day Plaintiff was fired), Zi

Xiang He instructed him to deliver three additional delivery orders after his working hours i.e.,

9:30 pm in three different directions before heading home and upon his inability to perform these

unreasonable orders, Plaintiff got fired. *Id.* ¶¶8-10. Plaintiff never had any fixed lunch or dinner

time. *Id.* ¶11. Plaintiff's hourly pay rate from March 06, 2018 to December 31, 2018 was ($9.375)

up to (32) hours a week although he worked around (52.5) hours a week. *Id.* ¶13. Plaintiff was

never paid any overtime in spite of exceeding the forty hours each workweek. *Id.* ¶¶14-16. From

January 01, 2019 to March 15, 2019, Plaintiff was paid ($10.00) an hour for hours worked up to

(40) a week although he worked in fact (52.5) hours a week. *Id.* ¶15. Plaintiff was required to do

side non-tipped work as well such as packing, stocking, and inventory which exceeded (2) hours

or (20%) of his workday. *Id.* ¶¶17-18. Plaintiff was never given any detailed weekly payment statement in his native language i.e., Chinese. *Id.* ¶19. Nor he was compensated for New York's "spread of hours" premiums for shifts lasting longer than ten (10) hours at his promised rate. *Id.* ¶20. Plaintiff was required to bear all the purchase and maintenance costs of his bicycles. *Id.* ¶¶21-23. During Plaintiff's employment with Defendants, he worked side by side and befriended many employees including XIAO MEI (Packer), XIAO DI (Packer), A MAO (part-time delivryman), BAO BAO (part-time deliveryman), and another unknown person to Plaintiff who worked as part-time deliveryman as well. *Id.* ¶25(Chart). They all worked for five days a week with Saturday and Sunday off for (17.5) hours a week and the last three persons were paid $40 a day. *Id.* Further, Plaintiff can attest that other similarly-situated employees- whether part-time or full time- were treated the same way without overtime premiums for the hours they worked in excessive of forty hours in a single workweek. The pay rates of Plaintiff's co-workers and the number of hours with a same start and end timing reflect the common policy that Defendants maintained toward their employees, including Plaintiff.

## ARGUMENT

### I.    CONDITIONAL CERTIFICATION IS APPROPRIATE

#### A.  The FLSA and the FLSA's Opt-In Requirement and the Need for Expedited Notice

Pursuant to the FLSA, an employee must be paid, at least, the federal statutory minimum wage for the first 40 hours that he or she worked in a given work week. 29 U.S.C. § 206(a). Moreover, an employee is entitled to be paid for overtime hours (*i.e.*, any hours exceeding 40 hours per week), at a "rate not less than one and one-half times the regular rate at which [the employee] is employed." *Id.*, § 207(a)(1); *see also, e.g.*, *Benitez v. Demco of Riverdale, LLC*, No.

14cv7074 (CM), 2015 WL 3780019, at *2 (S.D.N.Y. June 15, 2015) (quoting Section 207(a)(1)).

"The statute of limitations under the FLSA is ordinarily two years, but it may be extended to three years if the claim arises from a 'willful' violation." *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 258 (S.D.N.Y. 2008) (citing 29 U.S.C. § 255(a)). To satisfy the willfulness requirement, a plaintiff must demonstrate that the employer either acted knowingly or "showed reckless disregard for the matter of whether its conduct was prohibited by the statute."(*Id.* (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).)

Section 216(b) of the FLSA allows employees to "recover unpaid minimum wages and/or overtime compensation from an employer who violates the [FLSA's] provisions, and permits such an action to be brought as a collective action." *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 384 (E.D.N.Y. 2010). Pursuant to Section 216(b),

> An action. . . may be maintained against any employer … in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. **No employee shall be a party Plaintiffs to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.**

29 U.S.C. § 216(b) ("Section 216(b)") (emphasis added). That is, in a collective action under Section 216(b), unlike in a class action under Federal Rules of Civil Procedure 23 ("Rule 23"), an employee is not a member of the collective until the employee affirmatively opt-in to the collective action. *Id.*; *Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124 (AT), 2014 WL 1487279 at *1 (S.D.N.Y. Apr. 11, 2014) ("Thus, putative class members must 'opt-in' to participate in an FLSA collective action."); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997) ("Thus, under the FLSA, potential plaintiffs must 'opt in' to a collective action to be bound by the judgement (and to benefit from it)."); *Mendoza v. Ashiya Sushi 5, Inc.*, No.

Civ. 8629 (KPF), 2013 WL 5211839 at *2 (S.D.N.Y. Sept. 16, 2013) (stating same). Thus, until employees are given notice and are permitted to file consent forms to opt-in, the statue of limitations continues to run against them on a daily basis. *Hoffmann*, 982 F. Supp. at 260 ("only by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled"); *Mendoza*, 2013 WL 5211839 at *2 (same).

Therefore, it is critical that similarly-situated employees be afforded notice as soon as possible and be provided with the opportunity to opt-in, as their claims may be reduced or extinguished daily. *Foster v. Food Emporium*, No. 99 Civ. 3860 (CM), 2000 WL 1737858 at *3 n.1 (S.D.N.Y. 2000) ("because of the statute of limitations, potential plaintiffs may be eliminated as each day goes by. For this reason, it is advisable that notice be given as soon as practicable."); *Hoffmann*, 982 F. Supp. at 262 ("courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purposes and promoting efficient case management."); *Jeong Wook Kim v. 511 E. 5th St. LLC*, No. 12 Civ. 8096 (FM), 2013 WL 6283587 at *9 (S.D.N.Y. Dec. 3, 2013) ("Here, court-facilitated notice is appropriate 'to prevent erosion of claims due to the running statute of limitations, as well as to promote judicial economy."); *Gortat v. Capala Bros., Inc.*, No. 07 Civ. 3629 (ILG) (SMG), 2010 WL 1879922, at *9 (E.D.N.Y. May 10, 2010) ("Because the statute of limitations for FLSA claims continues to run for each individual Plaintiffs until he or she opts in [], early certification and notice are favored in order to protect plaintiffs' right.").

The Supreme Court has affirmed the importance of potential opt-in plaintiffs receiving timely notice of their potential claims. *See Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165,

170 (1989). This seminal case sets forth the requirements for bringing a collective action.[1] The Court observed that a collective action authorized by Section 216(b) "allows.. plaintiffs the advantage of lower individual costs to vindicate their rights by the pooling of resources." *Hoffmann-LaRoche*, 493 U.S. at 170. The Court went on to point out that, "[t]hese benefits, however, depend on employee receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.*

### B.  The Two Phase Certification Process for FLSA Collective Actions.

The Second Circuit has approved a two-step process for district courts to utilize in determining whether litigants should be permitted to proceed collective under Section 216(b). *See e.g. Meyers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (describing the two-step process in detail); *Fonseca*, 2014 WL 1487279 at *1-2 (same); *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 121 (S.D.N.Y. 2014) (same).

**First**, at an early stage in litigation, the court must make an initial determination limited strictly to whether the named plaintiffs are "similarly-situated" to the potential members of the FLSA collective. *Myers*, 624 F.3d at 554; *see also Cunninghan v. Elec. Data Systems Corp.*, No. 06 Civ. 3530 (RJH), 2010 WL 5076703 at *4 (S.D.N.Y. 2010) (citing *Lynch v. United Services Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)). To do so, the named plaintiffs need only make a very "modest factual showing" that they and potential opt-in plaintiffs "together

---

[1] While the Supreme Court's decision in *Hoffmann-La Roche* involved a collective action under the Age Discrimination in Employment Act ("ADEA"), the analysis applies to FLSA collective actions with equal force because the ADEA adopted the collective action enforcement provisions of the FLSA. *See* 29 U.S.C. § 626(b); *Hoffmann*, 982 F. Supp. at 261, n 15.

were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555; *Fonseca*, 2014 WL 1487279 at *1 ("At the first stage, plaintiffs must make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law."); *Schear*, 297 F.R.D. at 121 (same). Then, the court should facilitate notice of the action to the potential members of the collective. For this reason, the initial phase is called the "notice stage."[2] *Myers*, 624 F.3d at 555 (citing *Hoffmann*, 982 F.Supp. at 261); *see also Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 336 (S.D.N.Y. 2010).

In light of the two-step process, "[t]he burden imposed at [the] first conditional certification stage is minimal." *Amador v. Morgan Stanley & Co*., No. 11cv4326 (RJS), 2013 WL 494020, at *4 (S.D.N.Y. Feb. 7, 2013). As discussed further below, the burden at this stage is "low" because "the purpose of this first stage is merely to determine *whether* 'similarly situated' *see* 2006 WL 278154 at *2 (S.D.N.Y. 2006)  ("The first stage, conditional certification, requires only a 'modest factual showing' based on the 'pleadings and affidavits' that the putative class members were 'victims of a common policy or plan that violated the law.'"); Cunningham, 2010 WL 5076703 at *5 (citing *Mentor v. Imperial Parking Systems, Inc*., 246 F.R.D. 178, 181

---

[2] The "notice stage" is often referred to as "conditional certification," borrowing the term from Rule 23. This term is somewhat of a misnomer in FLSA actions as, unlike Rule 23, Section 216(b) does not have any "certification" provision, and FLSA plaintiffs are not required to establish any of the Rule 23 categories to proceed collectively. *Mendoza*, 2013 WL 5211839 at *2 ("FLSA collective actions, unlike class actions brought under Rule 23, need not satisfy the standards of numerosity, typicality, commonality, or representativeness."). That said, Plaintiffs here can easily meet even the most stringent standards for certification under 216(b) or Rule 23.

(S.D.N.Y. 2007)) (at this first step, the court uses a "relatively lenient evidentiary standard to determine whether a collective action is appropriate."). Plaintiffs merely need to provide "***some factual basis*** from which the court can determine if similarly situated potential plaintiffs exist." *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) (emphasis added). "The leniency of this requirement is consistent with the broad remedial purpose of the FLSA." *Spicer*, 269 F.R.D. at 336 (citing *Morales*, 2006 WL 278154 at *2).

If Plaintiffs satisfy their burden of showing that "similarly-situated" employees exist, the court should conditionally certify the collective and order that appropriate notice be given to the members of the FLSA Collective to afford them the opportunity to opt-in to the action. *Cunningham*, 2010 WL 5076703 at *5; *see also Lynch*, 491 F. Supp. 2d at 368 (citing *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006)) ("Once notice is accomplished, the action proceeds as a collective action throughout the discovery process.").

***Second***, typically after a substantial period of discovery has been completed, the defendants may move for "decertification," where the district court will be asked to conduct a somewhat more stringent analysis of whether the plaintiffs who have opted-in are in fact "similarly-situated" to the named plaintiffs. *Myers*, 624 F.3d at 555; *Fonseca*, 2014 WL 1487279 at *2 ("At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs."); *Schear*, 297 F.R.D. at 121 (same). The action may be "decertified" if the record reveals that they are not similarly-situated, and the opt-ins' claims may be dismissed without prejudice. *Id*. This second step "utilizes a more stringent factual determination because the court is able to examine whether the

actual plaintiffs brought into the case are similarly situated." Cunningham, 2010 WL 5076703 at *5.

Importantly, it is indisputable that the underlying merits of Plaintiffs' claims should not be litigated at this stage, but at summary judgment and/or at trial. *See e.g. Fonseca*, 2014 WL 1487279, at *3 (defendants' declarations going to "merits based arguments are premature on a motion for conditional certification and must wait for summary judgment and/or trial"); *Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010) ("Weighing of the merits [when deciding conditional certification] is absolutely inappropriate."); *Lynch*, 491 F.Supp.2d at 368-69 (S.D.N.Y., 2007) ("[a]t this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations"); *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL 2853971, at *1 (S.D.N.Y. Oct. 5, 2006), at *6 ("attacks on plaintiffs' affidavits and other evidence" premature at notice stage); *cf. Hoffmann-La Roche Inc.*, 493 U.S. at 174, 110 ("trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action.").

### C. Plaintiff has made the Required Showing that he is similarly-situated to the members of the FLSA Collective

As stated above, to meet the minimal burden required for conditional certification, Plaintiff must make a "modest factual showing" that they and opt-in and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *See Myers*, 624 F.3d at 555 (*citing Hoffmann*, 982 F. Supp. at 261). This burden may be "satisfied with 'substantial allegations' of a factual nexus between named Plaintiff and potential opt-in plaintiffs with regard to their employer's alleged FLSA violation." *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 467 (S.D.N.Y. 2008); *see also Hallissey v. Am. Online, Inc.*, No. 99 Civ.

3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. 2008) ("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members."); *Qing Tian Zhuo v. Jia Xing 39th Inc.*, No. 14 Civ. 2848 (SHS), 2015 WL 1514950, at *3 (S.D.N.Y. Apr. 1, 2015) (finding single plaintiff affidavit sufficient to conditionally certify a collective of four restaurants). Thus, the proper inquiry is whether Plaintiffs, and potential opt-in plaintiffs are similarly situated with respect to the allegations that the law has been violated, and not whether their job responsibilities are identical or whether they worked at the same location. *See Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295 (GEL), 2007 WL 2873929 at *5 (S.D.N.Y. 2007); *Qing Tian Zhuo*, 2015 WL 1514950, at *3.

Issuance of notice is frequently based largely on employee declarations, and very often when there is only a single declaration. *See e.g. Kiang v. Yummy Oriental Restaurant Inc, et al.*, No. 18cv5256 (SJF)(ARL), at *6 (S.D.N.Y. July 1, 2019) (based on the affidavit of one Plaintiff, certifying a class of "all current and former non-exempt, non-managerial employees who worked for the defendants" for three years from the filing of the complaint "to the present day."); *Zaldivar v. JMJ Caterers, Inc.*, No. 14 Civ. 924 (SJF), 2016 WL 792404, at *4 (E.D.N.Y. Feb. 26, 2016) ("courts have routinely found that the allegations in the pleadings and the 'personal observations of one plaintiff's affidavit' are 'sufficient to make the modest factual showing necessary to conditionally certify [a] class'"); *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985 (S.D.N.Y. July 13, 2015) (conditional certification based on one plaintiff's affidavit); *Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12 Civ. 75 (KBF), 2013 WL 208909 (S.D.N.Y. Jan. 10, 2013) (single affidavit); *Khamsiri v. George & Grank's Japanese Rest. Inc.*, No. 12 Civ. 265 (PAE), 2012 WL 1981507 (S.D.N.Y. June 1, 2012) (single affidavit);

*Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55, 82 (E.D.N.Y. 2008) (no corroborating evidence besides plaintiff's affidavit).

Here, Plaintiff can make a substantial showing that he and all similarly-situated non-exempt employees employed by Defendants were subject to a common policy or plan that violated the FLSA:

- Plaintiff GANG WU was employed by Defendants during applicable FLSA statutory period and was subjected to Defendants' common policy of not paying (i) at least the minimum wage for all hours worked; and (ii) overtime for all hours worked over 40 for those who worked over 40 hours a week.

The experience of GANG WU was not unique; rather the manner in which he was compensated (i.e. less than the required federal minimum wage) was and remains standard operating procedure with regard to other employees, including the tipped deliveryman, and upon information and belief, the non-tipped packers as well. *See Wu Aff.* ¶¶ 25-60.

In addition to the FLSA minimum wage and violations set forth above, Plaintiff GANG WU can provide further additional evidence – separate and part from their FLSA claims – establishing a common nexus between themselves and the putative FLSA Collective:

- Defendants had refused to pay Plaintiff in full, and the similarly situated collective action members, for some or all of the hours they worked. *See Wu Aff.* ¶¶4-15, 16, 19.

- Defendant had refused to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to. *See Wu Aff.* ¶¶16, 19.

- Defendants failed in bad faith to pay Plaintiff spread-of-hours pay. *See Wu Aff.* ¶20.

- Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiff worked. *See Wu Aff.* ¶11.

- Defendants failed to maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1. *See Wu Aff.* ¶19.

- Defendants intentionally failed to provide Plaintiff on her first day of employment or even after a written notice in her language in violation of New York Labor Law § 195. *See Wu Aff.* ¶19.

- Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday. *See Wu Aff.* ¶19.

- Defendants never compensated Plaintiff for any expenses incurred from the purchase and maintenance of the electric bicycles, and the purchase of batteries. *See Wu Aff.* ¶¶21-23.

Although these violations are separate and apart from Defendants' FLSA violations, the common treatment further demonstrates that Plaintiff, and the potential opt-in plaintiffs, were subjected to a common unlawful practice that shares a factual nexus. Based on these such descriptions, the Court "may infer" that other delivery workers "worked similar shifts for comparable pay, thereby suffering the same violations of the FLSA." *Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, No. 17cv273 (LAP), 2018 WL 1737726, at *3 (S.D.N.Y. Mar. 26, 2018) (quoting *Guo v. Tommy's Sushi Inc.*, No. 14cv3946 (PAE), 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014)); *see also Wang v. Shun Lee Palace Restaurant, Inc.*, No. 17cv00840 (VSB), 2018 WL 3155835, at *4 (S.D.N.Y. June 28, 2018) (finding that certification was proper for all delivery persons based on the experience of the named plaintiffs, who were themselves delivery persons).

### D. The Victims of Defendants' Unlawful Violations Extend to All Non-Managerial Employees.

Prospective class members need not be identically situated to the named plaintiffs or to each other. *Heagney v. European American Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (holding that the plaintiffs do not have to perform the same job in the same location as long as there is a discriminatory policy common to all). Moreover, it does not matter that Prospective Collective Action Members perform different duties. *See, e.g., Jacobsen v. Stop & Shop Supermarket Co.*, No. 02-cv-5915, 2003 U.S. Dist. LEXIS 7988 at *7 (S.D.N.Y. May 14, 2003) (class trainees and back-up managers). Nor does the fact that they were employed at different times affect the determination of granting class notice. *See Toure v. Central Parking Sys. of New York*, No. 05-cv-5237, 2007 U.S. Dist. LEXIS 74056 at *8 (S.D.N.Y. Sept. 28, 2007) (declarations asserting that defendants "had an express policy of forcing garage attendants on the night shift…to work more than forty hours per week and refusing to pay them for the additional time" was sufficient to meet the burden of "making a modest factual showing sufficient to demonstrate that [Plaintiffs] and [other employees] together were victims of a common policy or plan that violated the law," regardless of the fact that dates of employment and hours worked were "unique to each employee.") (citing *Hoffman* 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).

All non-managerial employees of Defendants are proved to be similarly situated as they were victims of Defendants' widespread common policy of intentionally understating and underpaying their employees' overtime payment, and willfully paying less than minimum wages as required by the FLSA. Plaintiff GANG WU was employed as a deliveryman who alleges through a strong evidence that there were other victims of Defendants' widespread common policy or plan that violates the FLSA. *See Wu Aff.* ¶25-60. Therefore, Plaintiff exceeds the low burden for conditional certification of all non-managerial employees of Defendants.

### E. Expedited Notice and Disclosure of Contact Information Is Necessary

To provide the members of the putative FLSA Collective with notice of this action, Plaintiff requires the names and contact information for those individuals. *See Hoffmann-LaRoche*, 493 U.S. at 170 ("The District Court was correct to permit discovery of the names and addresses of the discharged employees."); *Lynch*, 491 F. Supp. 2d at 371 (explaining that "identification [of similarly-situated employees] is necessary so that [plaintiff] can provide them with notice of this action").

Accordingly, Plaintiff respecfully requests that Defendants produce a Microsoft Excel data file containing contact information ("including but not limited to last known mailing addresses, law known telephone numbers, last known email addresses, last known WhatsApp, WeChat and/or FaceBook usernames, work location, dates of employment, and position") for all non-managerial employees who worked for Defendants from March 25, 2016 to the the present day. Courts in this District "commonly grant" requests for the production of such information, in connection with the conditional certification of an FLSA collective action. *Kiang*, No. 18cv5256 (SJF)(ARL), at *7 (directing Defendants to provide Plaintiffs to provide a list with "names, last known addresses, telephone numbers, emails, WhatsApp, weChat ID and/or FaceBook usernames, and dates of employments for all current and former non-exempt, non-managerial employees for the relevant period within 14 days of entry of [the] Order"); *Martin v. Sprint/United Mgmt*. Co., No. 15cv5237 (PAE), 2016 WL 30334, at *19 (S.D.N.Y. Jan. 4, 2016); see also In re Penthouse Exec. Club Comp. Litig., No. 10cv1145 (NRB), 2010 WL 4340255, at *5 (S.D.N.Y. Oct. 27, 2010) (noting that "courts often order the production of such information at the notice stage").

As previously noted, until the absent members of the FLSA collective opt-in to this action, the statute of limitations is running against them on a daily basis. Accordingly, the timing

of the notice is of great significance. *See Foster*, 2000 WL 1737858 at *3 n.1 ("because of the statute of limitations, potential plaintiffs may be eliminated as each day goes by. For this reason, it is advisable that notice be given as soon as practicable."); *Ramos v. PJJK Rest. Corp.*, No. 15 Civ. 5672 (PKC), 2016 WL 1106373, at *2 (S.D.N.Y. Mar 10, 2016) ("Courts need not wait for defendants to begin or complete discovery before approving a conditional collective action; rather **courts have endorsed the sending of notice early in the proceeding,** as a means of facilitating the FLSA's  broad remedial purpose and performing efficient case management"). Here, the need for expedited notice is even more compelling given that Plaintiff's and opt-in Plaintiffs' primary languages are not English.

### F.  Court-Authorized Notice is Routinely Authorized by Court in this District

Once a court determines that a named plaintiff has demonstrated that he or she is similarly situated to other employees of the defendant with respect to the defendant's alleged unlawful policy for paying minimum wages and/or overtime pay, and has thus satisfied his or her burden for initial certification of a collective action, the court may proceed to authorize issuance of a notice informing potential additional plaintiffs of their opportunity to opt into the lawsuit. *Lynch*, 491 F. Supp. 2d at 367. "Although Section 216(b) does not explicitly address court-authorized notice, 'it is 'well settled' that district courts have the power to authorize an FLSA plaintiff to send such notice to other potential plaintiffs.'" *Grant v. Warner Music Grp. Corp.*, No. 13cv4449 (PGG), 2014 WL 1918602, at *2 (S.D.N.Y. May 13, 2014) (quoting *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003); additional citations omitted)). Indeed, as the statute of limitations does not toll for opt-in plaintiffs until they consent to appear, *see Lynch*, 491 F. Supp. 2d at 371, courts will "routinely approve court-authorized notice in order to ensure that the rights of potential claimants do not expire during the discovery

process." *Grant*, 2014 WL 1918602, at *2; *see also Khamsiri v. George & Frank's Japanese Noodle Rest. Inc., No.* 12cv265 (PAE), 2012 WL 1981507, at *2 (S.D.N.Y. Jun. 1, 2012) ("[C]ourt-authorized notice is appropriate[ ] to prevent erosion of claims due to the running statute of limitations . . . .").

### G. The Court Should Authorize Plaintiff's Proposed Notice of Pendency and Consent to Join Form

#### 1. Plaintiff proposes that the Notice of Pendency be disseminated in any relevant language, via mail, email, text message or social media chat

Plaintiff proposes a Notice of Pendency and Consent Form advising all potential opt-in Plaintiffs of their right to join this collective action that is consistent with prior notices routinely approved in courts within the Second Circuit. Plaintiff respectfully requests to have the Approved Notice of Pendency and Consent Form disseminated in any relevant language, via mail, email, text message, or social media group and individual chat and posts, to all potential members of the collective. Plaintiff respectfully requests to have the Approved Notice of Pendency and Consent Form disseminated in any relevant language, via mail, email, and/or text message, or social media chat, to all potential members of the collective. *See Jian Wu v. Sushi Nomado of Manhattan, Inc.*, No. 17cv04661 (PGG) (DF), 2019 U.S. Dist. LEXIS 127895, at *38-39 (S.D.N.Y. July 25, 2019) (permitting notice of pendency to be disseminated "in any relevant language, via mail, email, text message, and/or  social media chat, to all potential members of the collective" while ordering that "Defendants shall post a copy of the notice, in all relevant languages, at each restaurant location, in a conspicuous and unobstructed location or locations likely to be seen by all currently employed members of the collective, and the notice shall remain so posted throughout the opt-in period"); *Genxiang Zhang v. Hiro Sushi at Ollie's Inc.*, No. 17cv7066 (DF), 2019 U.S. Dist. LEXIS 22745, at *45 (S.D.N.Y. Feb. 5, 2019) (finding

that Plaintiffs' counsel may "arrange to have [modified notice] disseminated , in any relevant language, via mail, email, and/or text message, to all potential members of the collective").

### 2. Authorization of Publication of Full-Opt In Notice on Website

In conjunction with dissemination via mail, email, social media chat, and text message, Plaintiff requests authorization for the publication of the full opt-in notice on Plaintiffs' counsel's website, which allows for electronic submission of the Consent to Join Form, and for potential opt ins to contact Plaintiffs' counsel for additional information. *See* e.g. *Varghese v. JP Morgan Chase & Co.*, 2016 U.S. Dist. LEXIS 122428. at 26 (S.D.N.Y. Sep. 8, 2016) (granting Plaintiff's request for dissemination of notice via website) (Citing *Mark v. Gawker Media LLC*, No. 13-CV-4347 (AJN), 2014 U.S. Dist. LEXIS 155424, 2014 WL 5557489, at *3 (S.D.N.Y. Nov. 3, 2014) (authorizing notice via two standalone websites that will give potential plaintiffs the ability to download and submit the consent form electronically")).

### 3. Authorization of Conspicuous Posting at Store

Additionally, Plaintiff requests that that the Notice of Pendency and Consent Form be posted on the conspicuous locations of Defendants' restaurants and included in the employees' pay envelopes or other method of delivery of their paycheck information. This is simply to ensure and provide the greatest likelihood that the FLSA Collective receives this notice as intended. *See Kiang*, No. 18cv5256 (SJF)(ARL), at *7 (allowing notice to be "posted in English, Chinese, Spanish, and Malaysian" at the workplace); *Zhang*, No. 17cv7066 (DF), 2019 U.S. Dist. LEXIS 22745, at *45 (S.D.N.Y. Feb. 5, 2019)*; Iriarte v. Cafe 71, Inc*., No. 15cv3217 (CM), 2015 WL 8900875, at *6 (S.D.N.Y. Dec. 11, 2015) (citing *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 635 (S.D.N.Y. 2007)); *see also Castillo v. Perfume Worldwide Inc.*, No. CV 17-2972 (JS) (AKT), 2018 WL 1581975 (E.D.N.Y. Mar. 30, 2018) (finding that, in light of broad remedial purpose of FLSA, translating a notice into Spanish was appropriate).

### 4. Reminder Notice

Plaintiff requests that this Court order that Plaintiffs may send a reminder mailing and email to all unresponsive collective action members half-way through the notice period. "Given that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in, . . . a reminder notice is appropriate." *See Chhab v. Darden Rests., Inc.*, 2013 U.S. Dist. LEXIS 135926, at *51 (S.D.N.Y. Sep. 19, 2013) (collecting cases allowing for reminder notices); *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010) (approving reminder postcard). *See also Gervasio*, Civil Action No. 17-cv-245 (PGS), 2018 U.S. Dist. LEXIS 4899, at *18 (approving reminder notices by mail and email). It is well documented that people often disregard collective action notices. *See,* Andrew C. Brunsden, *Hybrid Class Actions, Dual Certification, and Wage Law Enforcement in the Federal Courts*, 29 Berkeley J. Emp. & Lab. L. 269, 295 (2008). Reminder mailings to potential opt-ins who have not responded to an initial mailing are common and cause Defendants no prejudice. *See Gervasio*, Civil Action No. 17-cv-245 (PGS), 2018 U.S. Dist. LEXIS 4899, at *18.

### 5. The Opt-In Period should extend to 90 days to allow the greatest number of Potential Plaintiffs who may wish to Opt In to the Collective Action

The opt-in period should be for 90 days, which will allow the greatest number of Plaintiffs to opt into the action. "60 or 90 day opt in period are common in FLSA collective actions." *Cortes v. New Creators, Inc.*, 2015 U.S. Dist. LEXIS 153730, at *16 (S.D.N.Y. Nov. 12, 2015). *See e.g. In re Milos Litig.*, 2010 U.S. Dist. LEXIS 3038, 2010 WL 199688, at *2-3 (S.D.N.Y. Jan. 11 2010) (affording plaintiffs 90 days to opt in); *Fang v. Zhuang*, No. 10 Civ. 1290 (RRM) (JMA), 2010 U.S. Dist. LEXIS 133618, 2010 WL 5261197, at *1 (E.D.N.Y. Dec. 1, 2010) (same); *Zeltser v. Merrill Lynch & Co.*, No. 13 Civ. 1531 (FM), 2014 U.S. Dist. LEXIS 66230, 2014 WL 2111693, at *5 (S.D.N.Y. May 12, 2014)(same). There is no detriment to plaintiffs from extending this period, and doing so will make it more likely that all employees who intend to bring such

claims will do so in this action. *See Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326 (RJS), 2013 U.S. Dist. LEXIS 19103, 2013 WL 494020, at *9 (S.D.N.Y. Feb. 7, 2013) ("'[W]hen exercising its broad discretion to craft appropriate notices in individual cases, [d]istrict [c]ourts consider the overarching policies of the collective suit provisions,' including achieving judicial efficiency 'by settling the claims of similarly situated employees at the same time.'" (quoting *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007)).

### 6. Appropriate Notice Period should be for 3 Years

An action under the FLSA has a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). The Second Circuit has explained that "a violation is willful for purposes of the FLSA limitations provision only if the employer knowingly violates or shows reckless disregard for the provisions of the Act." *Brock v. Superior Care, Inc.,* 840 F .2d 1054, 1062 (2d Cir.1988).

Plaintiff requests that the contents of any notice should provide for a three-year statute of limitations afforded to claims of willful violations of the FLSA, as opposed to a two-year limitations period. Given Plaintiff's allegations of willful violations of the FLSA minimum wage and overtime provisions, a three-year time frame is appropriate given that the FLSA expressly permits a three-year statute of limitations to remedy willful violations of the Act. Courts routinely approve a three-year notice period. *See* 29 U.S.C. § 255(a); *see also e.g. Gaspar v. Personal Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2014 WL 4593944, at *7 (S.D.N.Y. Sept. 15, 2014) (Nathan, J.) (finding a three-year notice period appropriate); *Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 WL 4702840, at *12 (S.D.N.Y. Oct 23, 2008) ("Courts that have faced this issue routinely approve a three-year notice period."). *See Hamadou v. Hess*

*Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) and *Iglesias-Mendoza v. La Belle Farm Inc.,* 239 F.R.D. 363 (S.D.N.Y. 2007) ("Where willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action."); ."); *Fasanelli v. Heartland Brewery, Inc.,* 516 F. Supp. 2d 317, 323 (S.D.N.Y.2007) (conditionally certifying class based on three-year period to "avoid any merit-based determinations at this time").

7. **The Language of the Notice or Posts be in Relevant Languages for Employees not Well Versed in the English Language**

As Plaintiff Gang Wu's affidavit demonstrates, many of the opt-in Plaintiffs are not native-English speakers, but rather speak only Chinese like him. *See Wu Aff.* ¶27, 34, 41, 48, 56. Consequently, Plaintiff respectfully requests that all notices or posts to employees' attention be in Chinese (the predominant language of the FLSA Collective), as many of the opt-in Plaintiffs are not well versed in the English language. This type of request has been granted in other cases, *see, e.g.*, *Wu*, No. 17cv04661 (PGG) (DF), 2019 U.S. Dist. LEXIS 127895, at *36; *Kiang*, No. 18cv5256 (SJF)(ARL), at *7-8 (finding appropriate request that notice be posted and disemminated in English, Chinese, Malaysian, and Spanish); *Zhang*, No. 17cv7066 (DF), 2019 U.S. Dist. LEXIS 22745, at *45 (S.D.N.Y. Feb. 5, 2019) at *45 (allowing dissemination in "all relevant languages"); *Iriarte v. Cafe 71, Inc*., No. 15cv3217 (CM), 2015 WL 8900875, at *6 (S.D.N.Y. Dec. 11, 2015) (citing *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 635 (S.D.N.Y. 2007)); *see also Castillo v. Perfume Worldwide Inc.*, No. CV 17-2972 (JS) (AKT), 2018 WL 1581975 (E.D.N.Y. Mar. 30, 2018) (finding that, in light of broad remedial purpose of FLSA, translating a notice into Spanish was appropriate).

H. **Equitable Tolling of the Statute of Limitations is Necessary to Protect the Plaintiffs**

20

In a collective action suit, the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until that plaintiff files the written consent form opting into the suit. *Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 198-99 (S.D.N.Y. 2006) (citing 29 U.S.C. §§ 255, 256); *Hoffman* 982 F. Supp. at 260. Since unnecessary delays are of particular concern due to the FLSA's limitations period which continues to run until the potential class member opts in, giving rise to a need to identify and provide notice to potential class members promptly, it is respectfully submitted that the statute of limitation on this suit be tolled for 90 days until the expiration of the Opt-In Period.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests an order granting Plaintiff's requested relief in its entirety, and for such other and further relief deemed just and proper.

## CERTIFICATE OF WORD COUNT and FORMATTING COMPLIANCE

This Memorandum of Law contains **6554** words. The Brief's formatting complies with the Honorable Koeltl's Individual Rules 2(D).

Dated:    Flushing, New York
          August 30, 2019
                                        Respectfully submitted,
                                        TROY LAW, PLLC.
                                  By:    /s/  John Troy
                                        John Troy