**TROY LAW, PLLC**
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

April 22, 2020

<u>Via ECF</u>                      **MEMORANDUM ENDORSEMENT**

Hon. Gabriel W. Gorenstein, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

                       Re:   Letter Motion for Fees and Costs
                  19-cv-02632-JGK *Wu v. Lan Sheng Szechuan Food Inc. et al*

Your Honor,

      This office represents the Plaintiff in the above-referenced matter. The purpose of this letter is to respectfully compel Defendants to reimburse an unnecessary cost incurred during the Settlement Conference of March 9, 2020 and the associated attorney's fees in pursing for the reimbursement of the cost pursuant to Rule 37 of the Federal Rules of Civil Procedure. Respectfully, Plaintiffs are seeking a reimbursement of $225 for the interpreter's minimum service charge because of Defendants' failure to the Court's "Standing Order Applicable to Settlement Conferences Before Judge Gorenstein" and $1150 for the attorney's fees in traveling to and participating in the Settlement Conference and preparing this instant motion.

      **I.   Background**

      On February 27, 2020, this Court scheduled a Settlement Conference for March 9, 2020 along with detailed instructions regarding the procedures prior to and during the Settlement Conference. *See* Dkt. No. 47. The Court's Chambers further sent reminder emails to the parties' counsel to carefully read Your Honor's Order. However, on March 9, 2020 at the Settlement Conference, Defendant failed to bring to the conference a "simultaneous interpreter" in violation of the Court's paragraph 6 of the Standing Order. *See* Standing Order Applicable to Settlement Conferences Before Judge Gorenstein ¶ 6 ("If a party does not speak fluent English, the party must bring an experienced simultaneous interpreter. (A consecutive interpreter is not acceptable; also, the attorney on the case may not serve as the interpreter). Simultaneous interpreters are readily available in the commercial marketplace at reasonable rates. Counsel should call Chambers if there is any difficulty in securing an interpreter.")

      Following the Court's guidance, Plaintiff has tried to resolve the issue of reimbursement without the Court's intervention because Defendants clearly understood that they were at fault.

However, Defendants refused to pay the full reimbursement and instead respond that the parties were ordered to share the interpreter's fees.

## II. Defendants are Required to Pay the Interpreter Expenses

Defendants and their counsel challenge the full reimbursement of the interpreter fees of $225 ($75 per hour, service for three hours at minimum). Although Plaintiff used the interpretation service at the Settlement Conference, the Settlement Conference was adjourned due to Defendants' failure to comply with the Court's Standing Order and various reminders prior to the conference. As such, Defendants should cover the entire interpretation fees. Allowing Defendants and their counsel to reduce the amount of actual expenses would be unfair to Plaintiff as the cost was solely incurred by Defense Counsel's negligence, and would only serve to undermine the very purpose of the Rule 37 of Federal Rules of Civil Procedure, "namely, to 'ensure that a party will not benefit from its own failure to comply,' as well as specific and general deterrence." *Dragon Yu Bag Mfg. Co. v. Brand Sci., LLC*, 282 F.R.D. 343, 345 (S.D.N.Y. 2012) (quoting *Update Art, Inc. v. Modiin Publ'g Ltd*., 843 F.2d 67, 70 (2d Cir. 1998)).

Accordingly, Plaintiffs are entitled to the full amount of **$225** as the unnecessary costs incurred by Defendants or their Counsel's failure to comply with paragraph 6 of the Court's Standing Order.

## III. Plaintiff is Entitled to Attorneys' Fees for the Participation of the Settlement Conference of March 9, 2020 and Preparation of This Application

Plaintiff is entitled to **$1,150** attorneys' fees for participating in the Settlement and preparing for this instant. Plaintiff, in good faith, has reached out to Defendants to resolve this issue without court's intervention. Defendants have refused to cooperate and response to Plaintiff's good faith attempt to resolve this issue. Plaintiff has no choice but to make this instant application to recover unnecessary cost incurred solely by Defendants and their Counsel's non-compliance with the Court's Standing Order in violation of the Rule 37. *See Vorcom Internet Servs. v. L&H Eng'g & Design LLC*, No. 12-CV-2049 (VB), 2014 WL 116130, at *4 (S.D.N.Y. 2014) (awarding sanctions for time spent preparing for deposition, appearing for depositions, and making motion for sanction); *Reed v. A.W. Lawrence & Co*., 95 F.3d 1170, 1183 (2d Cir. 1996) (holding that attorneys fee for the preparing of the fee application are compensable); *Gutman v. Klein*, No. 03-CV-1570 (BMC), 2009 WL 3296072, at *4 (E.D.N.Y. 2009), aff'd, 515F. App'x8 (2d Cir. 2013) ("The Supreme Court and the Second Circuit have held under several federal statutes that prevailing parties are entitled to attorneys' fees for time reasonably expended on a fee petition itself. The logic behind those decisions leads to the same conclusion under Rule 37(b)(2)(C).").

On March 9, 2020, Ms. Leanghour Lim, an associate at Troy Law, spent three hours in participating in the Settlement Conference and traveling to and from the Courthouse. On April

22, 2020, the undersigned spend an hour in preparing this instant application. Accordingly, Plaintiff respectfully requests that the Court fix the total amount of attorneys' fees owned as $1150.

### IV. Plaintiffs' Counsel's Hourly Rate is Reasonable.

We requested $200 per hour as billable for Ms. Lim's work and $550 per hour as billable for the undersigned's work. The undersigned is the Principal Attorney at Troy Law PLLC and has continuously represented low-income individuals in wage-and-hour and employment discrimination cases and appeared as attorney of record for more than 300 cases before the United States District Courts for the Eastern and Southern Districts of New York and before the New York Supreme Court, Commercial Division, as well as *pro hac vice* before the United States District Courts for the District of Massachusetts, for the District of Connecticut, for the Northern and Western Districts of New York, for the District of New Jersey, for the District of Pennsylvania, for the District of Illinois, for the District of Minnesota, and for the District of West Virginia. In a non-contingent fee structure matters, the undersigned routinely charges $500 per hour to the clients. The undersigned was previously been awarded $550.00 per hour in 2:18-cv-10359-CCC-SCM *Zhang v. Chongqing Liuyishou Gourmet NJ Inc*.

Ms. Lim is an associate attorney at Troy Law PLLC and has represented the low-income individuals and appeared as an attorney of record in more than 50 cases before the Southern District of New York, the Eastern District of New York, as well as *pro hac vice* before the District of New Jersey.

Accordingly, Plaintiff requests that the Court award an hourly rate of $550 for the undersigned's billable work and $200 for Ms. Lim's billable work. *See Siegel v.Bloomberg L.P.*, No. 13-cv-1351 (DF), 2016 WL 1211849, at *6 (S.D.N.Y. 2016) (approving hourly rates of $505 to $550 for partners and $275 to $350 for associates on plaintiffs' attorneys fee application for an FLSA case).

We thank the Court for its continued consideration in this matter.

                                                                      Respectfully submitted,
                                                                       Troy Law, PLLC
                                                                       s/ John Troy
                                                                       John Troy
                                                                       *Attorney for Plaintiff*

JT/ll

cc: via ECF All Counsel of Record

Defendants shall respond to this letter on or before April 29, 2020.
So ordered.
Dated: April 22, 2020

_/s/ Gabriel W. Gorenstein_
Gabriel W. Gorenstein
United States Magistrate Judge

3